**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-5169**

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

     v.

OLVIN ABEL ELVIR-SOTO,

           Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge. (3:11-cr-00201-REP-1)

Submitted: June 29, 2012         Decided: July 10, 2012

Before WYNN, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Carolyn V. Grady, Assistant Federal Public Defender, Caroline S. Platt, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant. Neil H. MacBride, United States Attorney, S. David Schiller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Olvin Abel Elvir-Soto pled guilty to illegally reentering the United States after being removed for a conviction of an aggravated felony, in violation of 8 U.S.C. § 1326 (2006). The district court sentenced Elvir-Soto to an upward variance sentence of forty-eight months' imprisonment. Elvir-Soto appeals, arguing that the district court imposed an unreasonable sentence. We affirm.

We review a sentence imposed by a district court for reasonableness, applying "a deferential abuse-of-discretion standard." United States v. Rivera-Santana, 668 F.3d 95, 100 (4th Cir. 2012) (internal quotation marks omitted). If we find the sentence procedurally reasonable,[*] we review the substantive reasonableness of the sentence under the totality of the circumstances. See United States v. Strieper, 666 F.3d 288, 292, 295 (4th Cir. 2012). A sentencing court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes [of sentencing]." 18 U.S.C. § 3553(a) (2006).

In determining whether a variance sentence is reasonable, we must consider whether the degree of variance is

---

[*] Elvir-Soto does not challenge on appeal the procedural reasonableness of his sentence. See Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 376-77 (4th Cir. 2012) (noting that party's failure to raise issue in opening brief results in abandonment of issue).

supported by the court's justification, with a larger variance requiring more substantial justification. See United States v. Diosdado-Star, 630 F.3d 359, 366 (4th Cir.), cert. denied, 131 S. Ct. 2946 (2011). However, we must affirm if "the § 3553(a) factors, on the whole, justified the sentence" imposed. Id. at 367 (internal quotation marks omitted). "Even if we would have reached a different sentencing result on our own, this fact alone is insufficient to justify reversal of the district court." United States v. Pauley, 511 F.3d 468, 474 (4th Cir. 2007) (internal quotation marks omitted).

We conclude that the district court's sentence was substantively reasonable. The district court considered arguments from the parties addressing both mitigating and aggravating factors and applied these arguments in fashioning a sentence. The court specifically noted Elvir-Soto's repeated reentries, calculated purpose to violate the law, and actual and apparent involvement in illegal activity, as well as his failure to respond to the leniency previously accorded him by the criminal justice system and the limiting effect of this leniency on Elvir-Soto's Guidelines range. Accordingly, the court concluded that a within-Guidelines sentence would not be sufficient to deter Elvir-Soto or others from future illegal activity, to promote respect for the law, or to protect the public from further criminal activity. While the upward

3

variance was not insubstantial, we conclude the sentence imposed was not disproportionate with the § 3553(a) factors as a whole and did not constitute an abuse of discretion.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED